**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**YOLY GRACIELA BUROZ MATUTE,**

**Petitioner,**

**v.** **Case No. 5:25-cv-774-MSS-PRL**

**SHERIFF PEYTON GRINNELL, et al.,**

**Respondents.**
_________________________________/

# ORDER

Petitioner Yoly Graciela Buroz Matute, an immigration detainee, initiated this action by filing a Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on October 16, 2026. (Doc. 1). Buroz Matute, a national of Venezuela, entered the United States on November 30, 2022, and was granted Venezuelan Humanitarian Parole for two years, which expired on November 28, 2024. (Doc. 4 at 2). Buroz Matute has a pending application for asylum. (Doc. 1 at 2).

On October 12, 2026, when driving to work on State Road 528 in Orlando, Buroz Matute was stopped by U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations' ("ERO") Orlando Fugitive Operations and United States Border Patrol. *See* Doc. 4 at 2; Doc. 4-1 at 2. The ERO team identified Buroz Matute "as an alien illegally present in the United States" and she was "taken into ICE custody." *See* Doc. 4 at 3; Doc. 4-1 at 2.

For relief, Buroz Matute seeks, *inter alia*, an individualized bond hearing or, alternatively, immediate release. *See* Doc. 1 at 34–35.

Buroz Matute argues that she is not subject to mandatory detention under 8 U.S.C. § 1225(b). (Doc. 1 at 15–25). The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026). Although *Hernandez Alvarez* did not directly address the circumstance of a petitioner, like Buroz Matute, who was given humanitarian parole, and was detained after the parole expired, its reasoning also applies to this case. Buroz Matute was not seeking entry at the border when she was detained; therefore, she is not subject to § 1225. *See id*. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Buroz Matute's Petition (Doc. 1) is **GRANTED**. Within **SEVEN DAYS** of this Order, Respondents shall either afford Buroz Matute an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her.[1] If Respondents release

---

[1] Buroz Matute is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26 CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

Buroz Matute, they shall provide her with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close this case.

**DONE and ORDERED** in Tampa, Florida on November 23, 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record